IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID N. GRASS,

    Plaintiff,

vs.

ALBUQUERQUE PUBLIC SCHOOLS, Board of Education of the Albuquerque Public Schools d/b/a Rio Grande High School,

    Defendant.

No. CIV 02cv155 PK/LFG-ACE

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Plaintiff's Motion for Reconsideration of Grant of Summary Judgment in Favor of Defendant, to Set Aside Judgment, and to Reset Pretrial Conference filed July 24, 2003 (Doc. 65). Upon consideration thereof,

(1) The Motion is Timely.  Defendant's contrary argument is incorrect. The court entered judgment on July 10, 2003.  This motion was filed on July 24, 2003, and is considered filed within ten days of the judgment pursuant to Fed. R. Civ. P. 59(e).  This is because Fed. R. Civ. P. 6(a) provides that intermediate Saturdays and Sundays are not counted when the prescribed period is less than eleven days.  See 1985 Amendment, Advisory Committee Note; Jones v. UNUM

Life Ins. Co., 223 F.3d 130, 136 (2d Cir. 2000) ("To be timely under Rule 59(e), a motion must be filed within 10 days after entry of judgment, computed, in accordance with Fed. R. Civ. P. 6(a), with intermediate Saturdays, Sundays, and legal holidays excluded.").

 (2) Motion for Reconsideration Standard.  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

 (3) Analysis.  None of those grounds are present here.  Only one point deserves mention.  Mr. Grass argues that the court erred in interpreting his position on the retaliation claim.  Doc. 65 at 2.  He contends that the basis (in part) of his retaliation claim was his March 2001 contact with a local television station prompting a news story on his situation and APS's alleged disability discrimination and failure to accommodate.  Id. at 3-4.  Because of this, according to Mr. Grass, APS acted adversely against him.  Id. at 4.  This is a new theory that has been waived; in the alternative, it is without merit.

 Mr. Grass did not adequately raise this theory in his summary judgment response.  A motion to reconsider is not the place to present new arguments or repeat prior arguments.  See Van Skiver v. United States, 952 F.2d 1241, 1243-44 (10th Cir. 1991).  The television story is mentioned in a different

-2-

context in the complaint: in connection with an alleged broken promise of accommodation by a former APS superintendent, after the reporter approached the superintendent. Doc. 1 at 8-9, ¶ 28.

What argument did Mr. Grass make in his original response to the summary judgment motion on the retaliation claim? It is set forth here:

> Suzanne Parker, the ADA Coordinator for the Albuquerque Public Schools, was one of the principal decision makers in the case with respect to Mr. Grass. At her deposition, Ms. Parker produced a set of her own handwritten notes documenting her chronology of events that were most salient to her with respect to Mr. Grass's case. This chronology demonstrates that Mr. Grass's **EEOC complaint-filing activity** was very prominent in her thinking. (*See* Deposition of Suzanne Parker, relevant excerpts attached as Exhibit 3 to this Response).[1] These notes also make direct reference to Ms. Parker's involvement in one or more incidents of Mr. Grass's automobile being towed.

Doc. 57 at 18 (emphasis supplied). The court rejected the argument that the notes created an inference of retaliation based upon "EEOC complaint-filing activity" and found no support in the deposition for the remaining factual assertions. Doc. 63 at 23-24.

In this motion, counsel refers the court to the ADA coordinator's deposition testimony where she discussed an entry in her notes. Apparently, one entry reflects that the ADA Coordinator sent a memo to the high school prinicipal

---

[1] Citing to fifteen pages of deposition testimony over a wide range of topics simply falls short of the specific references necessary to alert the court to the theory now advanced in the motion for reconsideration. See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 671 (10th Cir. 1998).

after seeing the story about Mr. Grass on the news.  Doc. 65 at 3-4 (citing Doc. 54, Ex. D at 96-97; also contained in Doc. 57, Ex. 3 at 96-97).  The ADA coordinator testified on deposition that she wrote the memo to make sure that school staff followed the same standards when dealing with teachers or students.  Doc. 54, Ex. D at 97.  She further testified that she had directed correspondence about parking to principals before, but could not recall how many times.  Doc. 57, Ex. 3 at 99.

The notes are not before the court.  The testimony about the news story does not create a genuine issue of material fact, alone or in combination with other facts, about retaliation.  The original disposition is correct.

NOW, THEREFORE, IT IS ORDERED Plaintiff's Motion for Reconsideration of Grant of Summary Judgment in Favor of Defendant, to Set Aside Judgment, and to Reset Pretrial Conference filed July 24, 2003 (Doc. 65), is denied.

DATED this 8th day of September 2003, at Santa Fe, New Mexico.

*Paul Kelly, J.*
United States Circuit Judge
Sitting by Designation

Counsel:
Dennis W. Montoya, Montoya Law, Inc., Albuquerque, New Mexico, for Plaintiff.

Alex C. Walker and Max J. Madrid, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, New Mexico, for Defendant.